

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Angela Allen,<br><br>         Plaintiff,<br><br>     v.<br><br>Equifax Information Services, LLC and<br>CoreLogic Credco, LLC,<br><br>         Defendants. | Civil Action No.<br><br>18    676<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

### Preliminary Statement

1.  This is an action for damages brought by an individual consumer against the Defendant (named below) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

### Jurisdiction and Venue

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331, 1337.

3.  Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### Parties

4.  Plaintiff Angela Allen is an adult individual who is a resident of Parlin, New Jersey.

5.  Equifax Information Services LLC ("EQ") is a business entity that regularly conducts business in the District of New Jersey with a principal place of business at 6 Clementon Road E, Suite A2 Gibbsboro, NJ 08026.

6.  Defendant CoreLogic Credco, LLC ("Credco") is a business entity conducting business in the District of New Jersey with a principal place of business 10277 Scripps Ranch

1

Blvd., San Diego, CA 92131. At all relevant times, Credco was a business engaged in the assembly of information contained in the databases of Equifax, Experian and Trans Union for the purpose of furnishing such information to third parties. Credco is a "reseller" as that term is defined by Section 1681a(u) of the FCRA.

## Facts

7. Defendants have repeatedly reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

8. The inaccurate information includes, but is not limited to, approximately five collections accounts relating to medical bills that do not belong to Plaintiff.

9. The inaccurate information has repeatedly appeared on Plaintiff's consumer report provided by EQ. Plaintiff disputed the inaccurate information with Defendant EQ, but Defendants continue to report the inaccurate information.

10. Despite disputing the information, Defendants continue to report the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

11. Credco's resale of the inaccurate information from EQ resulted in the denial of a mortgage to Plaintiff.

12. EQ either did not engage in any investigation when it was informed of the inaccurate reporting, or (alternatively) did not engage in a reasonable investigation, as such an investigation would have revealed that information relating to the judgment was being inaccurately reported.

13. Credco failed to institute or adhere to policies and procedures to assure that

information supplied to it by EQ was accurate.

14. Defendants knew or should have known that its actions violated the FCRA. Additionally, Defendants could have taken the steps necessary to bring their agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

15. Plaintiff's credit report and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from EQ by such third parties. Plaintiff has also suffered increased interest rates and insurance premiums because of Defendants' reporting of the inaccurate information.

16. Because of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit score reduction, informational harm, privacy harm, credit defamation and emotional distress, including, but not limited to, anxiety, frustration, embarrassment, and humiliation.

17. At all times pertinent hereto, Defendants were acting by and through their agents, servants or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

18. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff.

## Count One – Violations of the FCRA
### Plaintiff v. EQ and Credco

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth

3

at length herein.

20. At all times pertinent hereto, EQ was a "person" and a "consumer reporting agency" as those terms are defined by the FCRA.

21. At all times pertinent hereto, Credco was a "person", "reseller" and a "consumer reporting agency as those terms are defined by the FCRA.

22. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, EQ is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i(a).

25. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Credco is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

26. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

27. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorneys' fees; and

e. Such other relief as may be necessary, just and proper.

Respectfully submitted,

**THE KIM LAW FIRM, LLC**

BY: */s/ Richard H. Kim (RHK 8964)*
Richard Kim, Esquire
Attorney I.D. Nos.: 202618
1500 Market St.
Centre Square – West Tower
Suite W-3110
Philadelphia, PA 19102
Ph. 855-996-6342/Fax 855-235-5855
rkim@thekimlawfirmllc.com

*Attorneys for Plaintiff Angela Allen*

Dated: February 15, 2018